UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERO A. BUGONI,

     Plaintiff,

v.                                                               CASE NO. 8:13-cv-1224-T-23AEP

RICK SCOTT,

     Defendant.

_____/

## **ORDER**

Piero A. Bugoni, a *pro se* plaintiff, sues (Doc. 27) Rick Scott, the Governor of

Florida, in the Governor's official capacity and argues that Section 893.13, Florida

Statutes, (and, perhaps, Section 893.02(3) and Section 893.03[1]) violates the First,

Fourth, Seventh, Ninth, Tenth, and Fourteenth Amendments of United States

Constitution.  The Governor moves (Doc. 25) to quash service and to dismiss.[2]

---

    [1] Although the complaint's only count challenges only Section 893.13, the "Factual Allegations" section of the complaint states, "FRS §§ 893.02(3), 893.03 are unconstitutional . . . ." (Doc. 27 at 4) This order discusses only Section 893.13 but applies to Sections 893.02(3) and Section 893.03.

    [2] The Governor moves to dismiss Bugoni's "fifth amended complaint" (Doc. 13). After the Governor moved, Bugoni submitted a second "fifth amended complaint" (Doc. 27). Under Rule 15(a)(2), Federal Rules of Civil Procedure, Bugoni may not amend the complaint without either the Governor's written consent or leave of court. Bugoni obtained neither. Nonetheless, the second "fifth amended complaint" (Doc. 27) is construed as a motion to amend the complaint and is **GRANTED**. The Governor's motion to dismiss is construed to apply to the second "fifth amended complaint."

The Governor moves to quash service because Bugoni (not a third person) allegedly served the summons and the complaint.[3]  Under Rule 4(c)(2), Federal Rules of Civil Procedure, a party to an action cannot serve a summons or a complaint. However, review of the proof of service reveals that "Surgret Doss Bey" (who lists the address "c/o 3612 N. 55th St., Tampa Territory, Florida Republic") served the summons and the complaint.  (Doc. 17 at 2)  The Governor has not argued that "Surgret Doss Bey" is Bugoni's alias, and nothing in the proof of service suggests that Bugoni personally served the Governor.  Further, after the Governor's motion, Bugoni filed (Doc. 28) an "affidavit of service" by "Surgret Urania Doss."

Citing sovereign immunity under the Eleventh Amendment, the Governor moves to dismiss this action.  Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court."  *Board of Trs. v. Garrett*, 531 U.S. 356, 363 (2001).  However, under *Ex parte Young*, 209 U.S. 123 (1908), "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment."  *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011).  *Ex parte Young*, 209 U.S. at 157, requires the state official to "have some connection with the enforcement of the [challenged] act."

---

[3] The Governor argues generally that "[s]ervice of process as to Governor Scott is insufficient" and that "there is no proof of proper service of process." (Doc. 25 at 10–11) However, the Governor acknowledges Bugoni's "Proof of Service" filing (Doc. 17) and alleges specifically only one flaw, i.e., that Bugoni served the summons and the complaint.

The Governor argues that state attorneys and sheriffs, rather than the Florida governor, enforce the challenged statute, which criminalizes the use and possession of cannabis.  Citing *Luckey v. Harris*, 860 F.2d 1012, 1016 (11th Cir. 1988), the Governor argues that, because his "connection" to the challenged statute is sufficiently attenuated, *Ex parte Young* is inapplicable.  *Luckey* considers a claim asserted against the Georgia governor (and others) that "systemic deficiencies" in the Georgia indigent criminal defense system violated the federal constitution.  Rejecting the Georgia governor's sovereign immunity defense, *Luckey*, 860 F.2d at 1016, holds:

> According to the Georgia constitution, the governor is responsible for law enforcement in that state and is charged with executing the laws faithfully. Ga. Const. Art. 5, § 2, para. 2. The governor further has the residual power to commence criminal prosecutions, Ga. Code Ann. § 17-1-2 (1982), and has the final authority to direct the Attorney General to "institute and prosecute" on behalf of the state. *Id.* § 45-15-35. . . . Defendants are therefore appropriate parties against whom prospective relief could be ordered.

*Accord Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1342 (11th Cir. 1999) (holding that a "challenge to [particular criminal liability abortion statutes] plainly falls within the exception to the Eleventh Amendment established in *Ex parte Young*").[4]

Similar to the Georgia governor in *Luckey*, under the Florida constitution, the Governor must faithfully execute Florida law.  Fla. Const. art. IV, § 1(a).  However, a search reveals no Florida statute, and Bugoni cites no Florida statute, that either

---

[4] Unlike *Luckey*, *Summit Medical* fails to identify the Alabama governor's authority that justifies the application of *Ex parte Young*.

- 3 -

authorizes the Governor to commence a criminal prosecution or authorizes the

Governor to prosecute a violation of Section 893.13.  Accordingly, the only *Ex parte*

*Young* basis for Bugoni's action is the Governor's general executive power, which

*Women's Emergency Network v. Bush*, 323 F.3d 937, 949–50 (11th Cir. 2003), holds

insufficient:

> Appellants . . . contend Bush is a proper party because, as governor, he
> is responsible for the enforcement of [a statute that distributed money to
> adoption organizations]. A governor's "general executive power" is not
> a basis for jurisdiction in most circumstances. *See Harris v. Bush*, 106 F.
> Supp. 2d 1272, 1276–77 (N.D. Fla. 2000) (citing multiple cases
> supporting this principle). If a governor's general executive power
> provided a sufficient connection to a state law to permit jurisdiction over
> him, any state statute could be challenged simply by naming the
> governor as a defendant. *Id.* at 1277. Where the enforcement of a statute
> is the responsibility of parties other than the governor (the cabinet in this
> case), the governor's general executive power is insufficient to confer
> jurisdiction. *Id.*

(citations omitted); *accord Harris v. Bush*, 106 F. Supp. 2d 1272, 1276–77 (N.D. Fla.

2000) (Collier, J.) ("Article IV, § 1 of the Florida Constitution vests Governor Bush

with executive power to enforce the laws.  However, this general authority, standing

alone, is insufficient to make him the proper party whenever a plaintiff seeks to

challenge the constitutionality of a law.").

Like the statute in *Women's Emergency*, Section 893.13 is enforced by "parties

other than the governor," namely the attorney general, the statewide prosecutor, and

the state attorneys.  Fla. Const. art. IV, § 4(b) ("The attorney general shall be the

chief state legal officer.  There is created in the office of the attorney general the

position of statewide prosecutor.  The statewide prosecutor shall have concurrent

jurisdiction with the state attorneys to prosecute violations of criminal laws . . .
[involving] two or more judicial circuits . . . ."); Fla. Const. art. V, § 17 ("Except as
otherwise provided in this constitution, the state attorney shall be the prosecuting
officer of all trial courts in that circuit . . . .").  Thus, the Governor lacks the
"connection" required under *Ex parte Young*.  *Waste Mgmt. Holdings, Inc. v. Gilmore*,
252 F.3d 316, 331 (4th Cir. 2001) (Hamilton, J.) (finding *Ex parte Young* inapplicable
because, "although Governor Gilmore is under a general duty to enforce the laws of
Virginia . . . , he lacks a specific duty to enforce the challenged statutes"); *Hard v.
Bentley*, 2015 WL 1043159, (M.D. Ala. Mar. 10, 2015) (Watkins, J.); *see also* Wright
& Miller, *Federal Practice and Procedure*, Vol. 13, § 3524.3 (3d ed. 2014) ("[T]he better
view is that a governor, who has merely a general duty to enforce state law, cannot
be sued to challenge a state law that has not yet been enforced.").

The Governor's motion to quash service is **DENIED**.  But the Governor's
motion to dismiss is **GRANTED** in accord with this order, and the claims against the
Governor are **DISMISSED WITH PREJUDICE**.  Because no defendant remains,
the clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on April 1, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE